**Charles MOGFORD, Petitioner–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, Walter A. McNeil, Secretary, Attorney General of the State of Florida, Bill McCollum, Respondents–Appellees.**

No. 07–15029
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 18, 2008.

Charles Mogford, South Bay, FL, pro se.

---

Melanie Dale Surber, Office of the Attorney General, West Palm Beach, FL, for Respondents–Appellees.

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Charles Mogford, a Florida prisoner, appeals the dismissal of his petition for a writ of habeas corpus as barred by the one year statute of limitation. 28 U.S.C. § 2254; Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. The district court granted a certificate of appealability to address "whether [Mogford's] motion to mitigate under 3.800(c) of the Florida Rules of Criminal Procedure tolled the one year statute of limitations for his petition of writ of habeas corpus under 28 U.S.C. § 2254, and if so, whether an oral order denying the motion was not sufficient to re-start the period of limitations." We affirm.

We review *de novo* the dismissal of a petition as barred by the statute of limitation. *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000). The Act provides a one year statute of limitation that begins to run after the latest of four events, which includes "the date on which the judgment became final. . . ." 28 U.S.C. § 2244(d)(1). That period can be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending." *Id.* § 2244(d)(2). To qualify as an "application for State post-conviction or other collateral review," a pleading must actually seek "review" by making a good faith request for legal relief from the court. *Sibley v. Culliver,* 377 F.3d 1196, 1200–01 (11th Cir.2004).

Mogford's argument that his post-conviction motion tolled the statute of limitation is foreclosed by our precedent. Mogford moved to reduce his sentence based on assistance he provided to the government, his lack of a violent criminal record, and "sentence manipulation" by the prosecutor. *See* Fla. R.Crim. P. 3.800(c). Mogford's motion, which was a plea for leniency and was not a challenge to the legality of his sentence, did not toll the limitation period. *See Alexander v. Sec'y, Dep't of Corr.,* 523 F.3d 1291, 1297 (11th Cir.2008). The district court correctly concluded that Mogford's petition is time-barred.

**AFFIRMED.**